UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robby Sean Harris,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No. 1:24-cv-00573-JLT-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TO AFFIRM THE COMMISSIONER'S DECISION, AND TO DIRECT ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 12, 15)** |

## I. Introduction

Plaintiff Robby Sean Harris seeks judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to Title XVI of the Social Security Act.[1]

## II. Factual and Procedural Background

Plaintiff applied for benefits on December 22, 2021. The Commissioner denied the applications initially on June 3, 2022, and on reconsideration on October 12, 2022. The ALJ held a hearing on July 11, 2023. AR 32–59. The ALJ issued an unfavorable decision on September 27, 2023. AR 14–31. The Appeals Council denied review on March 19, 2024, (AR 1–6) and this appeal followed.

## III. The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180

---

[1] The parties did not consent to the jurisdiction of a United States Magistrate Judge. Docs. 7, 10.

F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).

When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and quotations omitted). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: 1- whether a claimant engaged in substantial gainful activity during the period of alleged disability; 2- whether the claimant had medically determinable "severe impairments"; 3- whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; 4- whether

the claimant retained the residual functional capacity ("RFC") to perform past relevant work; and 5- whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

## IV. The ALJ's Decision

At step one the ALJ found that Plaintiff did not engage in substantial gainful activity since the application date of December 22, 2021. AR 19.

At step two the ALJ found that Plaintiff had the following severe impairments: **1-** degenerative disc disease of the lumbar spine with facet arthropathy and radiculopathy, status post lumbar fusion, and **2-** obesity. AR 19.

At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 21–22.

Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform a range of medium work as defined in 20 C.F.R. 416.967(c) with the following limitations:

> can frequently climb ramps, stairs, ladders, ropes and scaffolds; can frequently balance, stoop, kneel, crouch or crawl; and he is further unable to work around unprotected heights. AR 22–25.

At step four, the ALJ found that Plaintiff was able to perform his past relevant work as a house repairer and pumper. AR 25. At step five, in the alternative, the ALJ found that considering Plaintiff's age, education, work experience and RFC, Plaintiff could perform the following jobs existing in significant numbers in the national economy: bagger, wall cleaner, and kitchen helper. AR 27. Accordingly, the ALJ concluded that Plaintiff was not disabled since the application date of December 22, 2021. AR 27.

V.   **Issues Presented**

Plaintiff asserts two claims of error: **1-** The ALJ's RFC determination is unsupported by substantial evidence as he failed properly evaluate the medical opinions of record in accordance with the prevailing rules and regulations; **2-** The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations and failed to offer any reason for rejecting Plaintiff's subjective complaints.  MSJ at 3, ECF No. 12.

A.   **Medical Opinions**

1.   **Applicable Law**

Before proceeding to steps four and five, the ALJ determines the claimant's residual functional capacity (RFC) which is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a)(1). The RFC must consider all of the claimant's impairments, severe or not. 20 C.F.R. §§ 416.920(e), 416.945(a)(2). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

For applications filed on or after March 27, 2017, the new regulations eliminate a hierarchy of medical opinions and provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Rather, when evaluating any medical opinion, the regulations provide that the ALJ will consider the factors of supportability, consistency, treatment relationship, specialization and other factors. 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the two most important factors, and the agency will articulate how the factors of supportability and consistency are considered. *Id.* "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v.*

*Kijakazi*, 2022 WL 1195334, (9th Cir. Apr. 22, 2022) at *6.

With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). Regarding "consistency," the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

## 2.   **Analysis**

First, Plaintiff contends that "In assessing Plaintiff's residual functional capacity, the ALJ found the state agency consultant's opinions persuasive, however, he wholly failed to explain why he did not include limitations the consultants opined in the RFC determination. This is error as discussed further below." MS at 4–5, ECF No. 12.

To the contrary, the ALJ in fact mirrored the state agency consultants' opinions for medium exertional work with frequent postural activities. AR 25. Further, Plaintiff did not revisit this issue again. The remainder of Plaintiff's argument discusses the opinion of Plaintiff's treating provider, Bob Pair. MSJ at 5–8. Interestingly, it appears that Plaintiff's assertion regarding the state agency consultants may have inadvertently been copied from a brief that counsel filed four days earlier in another case.[2] In any event, Plaintiff discusses the opinion of his treating provider, Bob Pair, MS, P.T., who opined that Plaintiff was limited to a reduced range of sedentary work. AR 601. The ALJ found Mr. Pair's opinion unpersuasive. AR 25. The ALJ explained that, although the opinion was supported by Mr. Pair's own evaluation of the claimant, it was inconsistent with other portions

---

[2] *See* 1:24-cv-00571-JLT-GSA, ECF No. 11 at 5.

5

of the record which reflected that Plaintiff "reported on several occasions moderate relief from current medications, with moderate ability to carry out activity of daily living, as the pain had eased up to the point that it was not debilitating, and denied any concerns at the time." AR 25. Plaintiff contends this was insufficient reasoning because:

> The ALJ did not provide any explanation for his apparent conclusion that Plaintiff's ability to perform activities of daily living indicated that he could perform work on a full-time basis. The ALJ did not even explain which activities Plaintiff was performing to make him draw this conclusion. This cannot provide substantial evidence. MSJ at 6.

This argument however is not persuasive because the ALJ did not conclude that Plaintiff's ADLs indicated an ability to perform full time work, rather the ALJ identified the ADLs as a basis for rejecting Mr. Pair's opinion that Plaintiff was limited to less than sedentary work.

Further, the ALJ did not explain the ADL activities at this juncture because the cited records did not explain the activities in question, rather these records indicated "patient is moderately able to carry out daily routine physical activities."  AR 417.  This quoted statement was likely either what Plaintiff stated to the provider, or what the provider understood based on Plaintiff's reports. In addition, this statement from the treatment records, and similar statements elsewhere (AR 535, 537), is inconsistent with Mr. Pair's opinion that Plaintiff was limited to two-hand carrying up to 10 pounds occasionally and 7 pounds frequently; one hand carrying up to 8 pounds occasionally and 5 pounds frequently; never bending or kneeling; and infrequent walking and forward reaching. AR 601.  Finally, Mr. Pair's restrictions are inconsistent with Plaintiff's own reports of moderate, non-debilitating pain at a level 5 out of 10 with medication.  AR 417, 535, 537.

Plaintiff also disputes the ALJ's reliance on Plaintiff's reports that he could perform personal care "such as dressing, bathing and caring for his hair, does not prepare his own meals, and can shop in stores." MSJ at 7; AR 22. Plaintiff contends that these activities do not establish an ability to sustain full time work. However, this argument seems to relate more to the ALJ's

rejection of his subjective complaints. In any event, the ALJ need not establish that Plaintiff's ADLs translate to an ability to sustain full time work. An ALJ can rely on a claimant's daily activities if: **1**- the daily activities contradict the claimant's other testimony; or **2**- "a claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Here, the ALJ reasonably rejected the extreme limitations identified by Dr. Pair, such as lifting no more than 5-10 pounds, and the similarly extreme limitations to which Plaintiff testified, such as walking no more than 15 minutes, as inconsistent with the list of activities set forth above and Plaintiff's more generalized description of a moderate ability to perform routine physical activities of daily living. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (finding the ALJ satisfied the "clear and convincing" standard for an adverse credibility determination where claimant engaged in "gardening and community activities . . . evidence [which] did not suggest Valentine could return to his old job," but "did suggest that Valentine's later claims about the severity of his limitations were exaggerated.").

Lastly, Mr. Pair's opinion was also inconsistent with the opinion of the consultative physical examiner, Dr. Wagner, who examined Plaintiff on April 20, 2022, and opined that Plaintiff was capable of a medium exertional RFC. AR 524–28.

Thus, The ALJ appropriately considered the supportability and consistency factors in rejecting Mr. Pair's extreme opinion.

### B. Subjective Complaints

#### 1. Applicable Law

An ALJ performs a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir.

2014); *Smolen*, 80 F.3d at 1281; S.S.R 16-3p at 3. First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014; *Smolen*, 80 F.3d at 1281–82. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ must "evaluate the intensity and persistence of [the claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." S.S.R. 16-3p at 2.

An ALJ's evaluation of a claimant's testimony must be supported by specific, clear and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *see also* S.S.R. 16-3p at *10. Subjective testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," but the medical evidence "is still a relevant factor in determining the severity of claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); S.S.R. 16-3p (citing 20 C.F.R. § 404.1529(c)(2)).

In addition to the objective evidence, the other factors considered are: 1- daily activities; 2- the location, duration, frequency, and intensity of pain or other symptoms; 3- precipitating and aggravating factors; 4- the type, dosage, effectiveness, and side effects of any medication; 5- treatment other than medication; 6- other measures the claimant uses to relieve pain or other symptom; and 7- Other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. See, 20 C.F.R. § 416.929(c)(3).

### 2. Analysis

The ALJ summarized Plaintiff's subjective complaints—including testimony and function reports—as follows:

> At the administrative hearing, the claimant testified that he cannot work because of his back issues, as he cannot do more than light things around the house. The claimant testified that he has chronic back pain and rods in his legs. and a stroke, though he has no residual issues from his stroke. The claimant also testified that his back pain radiates down to his leg. In addition, the claimant testified that he can sit for up to an hour during one of his best days, can stand for 30 minutes at most, and

8

   can walk up to 15 minutes. The claimant further testified that he 49 years old at the time of the hearing, and completed the 12th grade. In addition to the testimonial evidence, the undersigned has also considered the claimant's function report, as well as the third party function report completed by his friend, Dennis Forest (Exhibits B3E and B4E). According to the claimant's function report, the claimant reported that he lives in a house with his family (Exhibit B4E). The claimant also reported that he has no problems independently performing activities of personal care such as dressing, bathing and caring for his hair, does not prepare his own meals, and can shop in stores (Id.). Per Mr. Forest's third party function report, the claimant has no problems getting along with friends, family, neighbors and others (Exhibit B3E).
AR 22.

Plaintiff contends that, after summarily rejecting Plaintiff's complaints "for the reasons explained in this decision," the ALJ's ensuing discussion was insufficiently specific in that it merely recited benign portions of the medical record.  MSJ at 9.

However, the ALJ's two page summary of medical evidence provided a balanced discussion of abnormal and benign findings alike, including **1-** a February 1, 2022 pain management visit noting lumbar spine trigger points (Exhibit B2F, pp. 6-7), **2-** a March 24, 2022 follow-up visit noting lumbar trigger points, positive Gaenslen's and Fabers Tests (Exhibit B6F, pp. 47-48) **3-** an April 28, 2023 visit noting epidural injections provided more than 50% relief lasting for 3 months, moderate physical functionality and non-debilitating pain (Exhibit B6F, pp. 1, 3); **4-** a March 22, 2022 exam which noted hypertension, obesity and prediabetes though the remainder of the examination was unremarkable (Exhibit B3F, pp. 8-9); **5-** a May 2, 2023 exam which noted obesity though the remainder of the examination as unremarkable (Exhibit B7F, p. 3); and **6-** the April 20, 2022 consultative exam with Dr. Wagner noting, among other things, limited lumbar spine range of motion, slight hyperreflexia of the right patella, normal gait, and normal muscle strength (Exhibit B4F, p. 5).

Importantly, Plaintiff fails to identify any abnormalities that the ALJ might have missed, nor does Plaintiff explain why the identified abnormalities, such as lumbar tenderness, support a less than sedentary exertional capacity, including a maximum of 15 minutes of walking and 5-10

pounds of weight-lifting. At minimum, if the evidence produced at a hearing before an ALJ could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson*, 112 F.3d at 1066.

Finally, Plaintiff contends that "although the ALJ stated that Plaintiff had only received conservative treatment for his condition (Ar. 24), this is specifically false, as evidenced by his own step 2 finding, in which he noted that Plaintiff was status post lumbar fusion." MSJ at 10. The point is not persuasive. The ALJ stated:

> It is notable that despite receiving routine treatment for his symptoms from the above-mentioned providers, the medical record <u>following the application date</u> shows that such treatment was primarily conservative in nature, often in the form of recommendations for medications and follow up visits. The claimant's mostly conservative treatment suggests that his limitations and symptoms could be controlled by compliance with his regimen and routinely following up with his providers.

AR 24 (emphasis added).

The ALJ's point addressed the care Plaintiff received <u>after the SSI application date,</u> which is the start of the relevant period under review, notwithstanding more aggressive treatment or more severe dysfunction prior to the application date. The lumbar fusion surgery was in January of 2020, and the SSI application date was December 22, 2021. AR 23. Thus, the medical records <u>postdating the application date</u> also post-dated <u>the fusion surgery date</u>. Plaintiff does not dispute that the post-fusion surgery care was conservative.

## VI.   **Conclusion**

The ALJ's evaluation of Mr. Pair's opinion and Plaintiff's subjective symptomology was supported by substantial evidence, including: **1-**Plaintiff's self-reported moderate, non-debilitating pain levels with injections and medication, **2-** moderate ability to perform routine physical activities of daily living, **3-** some abnormal and some benign findings in the pain management records, **4-** conservative care following the lumbar fusion surgery, and 5- the examining opinion of Dr. Wagner

who opined Plaintiff could perform medium exertional work.

### VII.  Recommendations

For the reasons stated above, substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. Accordingly, the recommendation is as follows:

1. That Plaintiff's motion for summary judgment (Doc. 12) be **DENIED.**

2. That Defendant's cross-motion (Doc. 15) be **GRANTED.**

3. That the decision of the Commissioner of Social Security be **AFFIRMED**.

4. That the Court Clerk of Court be directed to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff.

### VII.  Objections Due Within 14 Days

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 16, 2025**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE